NOT DESIGNATED FOR PUBLICATION

No. 120,963

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

MICHAEL S. NELSON,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed February 21, 2020. Affirmed.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., ATCHESON and SCHROEDER, JJ.

PER CURIAM:  Michael S. Nelson appeals the district court's decision revoking his probation and ordering him to serve his original sentence. Finding no error, we affirm the district court's judgment.

On April 11, 2018, Nelson pled no contest to one count of making a criminal threat. At the sentencing hearing on May 23, 2018, Nelson told the district court that he had PTSD, autism, and schizophrenia, and that he was taking medication for depression

1

and anxiety. The district court sentenced Nelson to 12 months' imprisonment followed by 12 months' postrelease supervision and granted probation for 12 months.

Two months after sentencing, Nelson's probation officer issued a warrant for his arrest that listed five alleged probation violations. At a hearing on August 7, 2018, Nelson waived his right to an evidentiary hearing and admitted the five allegations, which included his failure to obtain a mental health evaluation, begin anger management, take prescribed medications, submit to a urinalysis test, and make payments on court costs and fees. In mitigation, Nelson explained that he could not obtain his mental health evaluation because he was not allowed to go to ComCare, a mental health provider in the area, since it was the location that reported him for making the criminal threat. Nelson also explained that he had reported to his probation officer many times since being released, had stopped taking his prescriptions because the drugs hampered his ability to breathe, and had failed to pay his court costs because he lost his disability payments. The district court ordered Nelson to serve a 2-day jail sanction and extended Nelson's probation for 12 months to be supervised by community corrections.

The district court held a second probation violation hearing on September 11, 2018, after the State moved to revoke Nelson's probation just a few weeks after he had served his two-day jail sanction. Nelson again waived his right to an evidentiary hearing and admitted that he refused to (1) sign forms, (2) obey the district court order to remain in Sedgwick County unless permitted to leave by his intensive supervision officer (ISO), and (3) show proof that he was involved in mental health treatment as directed. In response, Nelson explained that the violations occurred on two separate days in August and stemmed from a communication breakdown between him and his ISO. The district court did not revoke Nelson's probation; instead the district court ordered Nelson to complete a 180-day prison sanction and extended his probation for another 12 months.

In February 2019, the State again moved for revocation and imposition of Nelson's original sentence based on seven new probation violations. At the probation violation hearing on March 4, 2019, Nelson waived his right to an evidentiary hearing and admitted to the violations, which included failure to pay court costs, notify his ISO of law enforcement contact, report to his ISO, complete community service, complete anger management, and follow the recommendations of his mental health provider.

Nelson again explained that his problems on probation related to communication issues. Nelson stated that he had lost his disability as a result of the 180-day prison sanction, so he could not pay court costs. He also stated that his contact with law enforcement occurred because he had a mental breakdown and suicidal thoughts, so he called the police for help. Nelson said that he had tried but was unable to reschedule the two missed appointments with his ISO. He pointed to the fact that he was in and out of health facilities as the reason he could not complete his community service and anger management requirements. He explained he could not follow the recommendations of his mental health provider because KU Medical Center had stopped offering him medical services. Nelson asked the district court to reinstate his probation or, in the alternative, to modify his sentence. Instead, the district court revoked Nelson's probation and ordered him to serve his original sentence. The journal entry of the probation violation hearing awarded Nelson 183 days' jail credit on his sentence. Nelson timely appealed.

On appeal, Nelson claims the district court abused its discretion by revoking his probation because he needed mental support, not punishment. In response, the State first argues that Nelson's appeal is moot because he has served his sentence. In the alternative, the State argues that the district court did not abuse its discretion by revoking Nelson's probation and ordering him to serve his original sentence. In his reply brief, Nelson argues that this court should consider the merits of this case because (1) the appeal is not moot because he is on postrelease supervision and (2) even if the appeal is moot, we should address the merits of his claim under an exception to the mootness doctrine.

Generally, Kansas appellate courts do not decide moot questions or render advisory opinions. *State v. Montgomery*, 295 Kan. 837, 840, 286 P.3d 866 (2012). An issue on appeal will only be dismissed as moot if it can be shown clearly and convincingly that the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and the judgment would not impact any of the parties' rights. *State v. Williams*, 298 Kan. 1075, 1082, 319 P.3d 528 (2014). But the mootness doctrine is a matter of court policy; it does not raise a question of jurisdiction. *State v. Hilton*, 295 Kan. 845, 849, 286 P.3d 871 (20012). In this case, we decline to address whether Nelson's appeal is moot and we will turn to the merits of his claim.

Nelson argues the district court abused its discretion in revoking his probation. Nelson does not challenge the district court's finding that he violated the conditions of his probation. Instead, he argues that the district court abused its discretion by revoking his probation and ordering him to serve his original sentence.

The procedure for revoking a defendant's probation is governed by K.S.A. 2019 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Nelson contends that the district court did not consider his circumstances, particularly his mental illness. Nor does he believe the district court considered the inadequate treatment he would receive in prison. Nelson also claims that it was unreasonable for the district court to label him as unamenable to probation until his mental state was attended to by uninterrupted treatment.

Nelson received the intermediate sanctions required by law. See K.S.A. 2019 Supp. 22-3716(c)(1). The record shows that the district court gave Nelson many chances to succeed on probation, but he could not comply with the basic conditions of his supervision. Nelson failed to take the steps necessary to get help with his mental health problems when he was on probation. The district court's decision to revoke Nelson's probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Nelson has failed to show that the district court abused its discretion by revoking his probation and ordering him to serve his original sentence.

Affirmed.